## Richmond

### HARRY KOHLBERG v. VIRGINIA REAL ESTATE COMMISSION.

September 1, 1971.

Record No. 7576.

Present, Snead, C.J., Carrico, Gordon, Harrison, Cochran and Harman, JJ.

*Joseph Teck* (*Underwood & Byrd*, on brief), for plaintiff in error.

*T. J. Markow*, *Assistant Attorney General* (*Andrew P. Miller*, *Attorney General*, on brief), for defendant in error.

HARMAN, J., delivered the opinion of the court.

A jury in the trial court, upon conflicting evidence, found Harry Kohlberg (Kohlberg) guilty of violating Rule II (16) of the Rules of the Virginia Real Estate Commission (Commission). The trial court entered an order on this verdict affirming the action of the Commission in suspending Kohlberg's license as a real estate salesman for a period of 60 days. We granted a writ of error to Kohlberg.

The conflicts in the evidence have already been resolved against Kohlberg by the jury's verdict so the only issue here is whether the rule which he violated is constitutionally valid.

The rule, in pertinent part, reads as follows:

"Section II, Business Practices

". . . (I)f any real estate broker or salesman fails or neglects to abide by the following, he shall be deemed, prima facie, to be guilty of improper dealings:

\* \* \*

"(16) Offer or Promise to Repurchase.—A licensee shall not, as an inducement to a purchase of real estate, promise or offer, conditionally or unconditionally, to a prospective purchaser, that, if such prospective purchaser purchases such real estate, the licensee, or any other person, firm or corporation, will repurchase such real estate, or the purchaser's equity or other property rights therein."

This rule was adopted under Code § 54-740 which provides the Commission with its general rule making power. Code § 54-762 (10) authorizes the Commission to revoke or suspend the license of any licensee who is guilty of "(a)ny other conduct . . . which constitutes improper, fraudulent, or dishonest dealing."

Kohlberg does not challenge the power of the Commission to promulgate proper rules controlling the conduct of its licensees. He says, however, that "improper dealing" as used in Rule II (16) is so vague and indefinite as to violate the Due Process provisions of both the Constitution of the United States and the Constitution of Virginia.

Kohlberg's assignment of error was limited to the rule itself. But, in determining the validity of the rule, it is necessary for us to consider the underlying statute which supports and authorizes its adoption.

We have held that the term "improper person" used in an interdiction statute admits to such arbitrary interpretation as to make it unconstitutionally vague and indefinite. *Booth v. Commonwealth*, 197 Va. 177, 88 S.E.2d 916 (1955). We pointed out there that the term "improper" provided the only standard. Since the term, in that context, did not lend itself to uniformity of interpretation and enforcement, we held it was violative of Due Process.

Here, when we look to Code § 54-762 (10), the underlying statute, we find that the term "improper . . . dealing" is not the sole standard provided. It is coupled in the statute with the terms "fraudulent" and "dishonest" dealing, both of which constitute a.

violation of the moral code against taking an unfair financial advantage of another person with whom one deals, that is with moral culpability.

It is our duty to interpret a statute so as to uphold its constitutionality if this can be reasonably done without doing violence to the accepted rules of statutory interpretation.

Moreover, no legislative act should be construed as intended to deny constitutional rights unless such a conclusion is unavoidable. *Savage* v. *Commonwealth*, 152 Va. 992, 1000, 147 S.E. 262, 264 (1929).

We have said:

"When we know the object of a statute and are called upon to construe a phrase or a sentence which, standing alone, may be susceptible of different interpretations, we know of no safer rule than to take the statute by its four corners and critically examine it as a whole to ascertain the legislative intent, as manifested by its different provisions. If, upon such an examination, an interpretation can be made, consistent with the language used, which will carry into effect the object sought to be accomplished by the statute, that interpretation should be adopted, in preference to one which would be equally consistent with the language used, standing alone, but which would defeat, or tend to defeat, the manifest intent of the legislature." *Harris* v. *Commonwealth*, 142 Va. 620, 625, 128 S.E. 578, 579 (1925).

The meaning of a word, under the doctrine of *noscitur a sociis*, takes color and expression from the purport of the entire phrase of which it is a part, and it must be construed so as to harmonize with the context as a whole. *Vilardo* v. *Sacramento County*, 54 Cal.App. 2d 413, 420, 129 P.2d 165, 168-69 (1942).

The Supreme Court of Wisconsin, in *Lewis Realty, Inc.* v. *Wisconsin Real Est. Brokers' Board*, 6 Wis. 2d 99, 94 N.W.2d 238 (1959), construing the identical language which appears in our statute, held that "improper dealing" as used in the Wisconsin statute, by its context in the statute, was restricted to conduct which involves moral culpability and which tends to take an unfair advantage of the person with whom the actor deals. In other words, it must be closely akin to dishonest or fraudulent dealing.

Applying the principles set forth earlier, we adopt this definition

and hold Code § 54-762 (10) to be a valid and constitutional exercise of the Police Power.

When we consider Rule II (16), however, we must reach a different conclusion. Its prohibition against an offer to repurchase is absolute and without qualification. An offer to repurchase, standing alone, is not an act which involves moral culpability nor is it an act closely akin to fraudulent or dishonest dealing. We hold, therefore, that Rule II (16) is an invalid application of Code § 54-762 (10) since the conduct prohibited by the rule is not of the character which the Commission may prohibit under the statute.

For these reasons the order of the trial court affirming the Commission's action in suspending Kohlberg's license is reversed and this cause will be dismissed.

*Reversed and dismissed.*