## CIRCUIT COURT OF THE CITY OF RICHMOND

Students for Animals

v.

The Rector and Board of Visitors
of The University of Virginia,
and Animal Care Committee, etc.

May 26, 1988

Case No. N-6464-3

By JUDGE T. J. MARKOW

This is a petition under the Freedom of Information Act requesting that the court order that meetings of the Animal Research Committee of the University of Virginia be treated as public meetings under the Act.

The Animal Research Committee of the University of Virginia is an arm of the University assigned to the task of establishing standards concerning the care and use of animals at the University. It is appointed by the Associate Provost for Research to advise him in accordance with federal regulations regarding federal research grants involving animals. The committee is not incorporated or organized apart from the University. Such committees are required by federal law as a condition to the receipt of federal research grants.

Plaintiffs claim that because it is an "organization supported wholly and principally by public funds," its meetings are open to the public under the Freedom of Information Act, chapter 21 of Title 2.1 of the Code of Virginia, §§ 2.1-340 through 2.1-346.1 (the FOIA).

The FOIA requires that "meetings" of a "legislative body, authority, board, bureau, commission, district or

agency of the Commonwealth or of any political subdivision of the Commonwealth; municipal councils, governing bodies of counties, school boards and planning commissions. . . boards of visitors of state institutions of higher education; *and other organizations, corporations or agencies in the Commonwealth, supported wholly or principally by public funds"* must be open to the public. Va. Code Ann. Sections 2.1-341(a), 2.1-343. (emphasis added)

The issue is whether the Animal Research Committee is included in the entities described in § 2.1-341(a) so as to be covered by the FOIA. Legislative policy requires the FOIA to be liberally construed so that governmental activities are open to public scrutiny. Va. Code Ann. Section 2.1-340.1. While such scrutiny is required and is a sign of healthy democratic government, common sense dictates that not all governmentally related functions can or should be treated as open public functions.

All public agencies are comprised of individuals who must act in concert to accomplish tasks assigned to them. A common means of organizing a group is to break the whole into functional subgroups which meet, deliberate, decide and execute all in the name of the public and for public purposes. Some examples are the Department of Transportation road repair crews, University of Virginia college residency committees, Virginia National Guard planning committees, University of Virginia hospital medical staff committees, gubernatorial policy and task committees, state university basketball or football team coaching staffs, and similarly, the Animal Research Committee of the University of Virginia. Each is an organization which is wholly supported by public funds, each has authority to execute some or all of its decisions, each is an arm of government, each is wholly or principally supported by public funds. To require meetings of such groups to be treated as public meetings would be to carry the idea of government in the "sunshine" to an absurd extreme.

This result was recognized by the legislature in crafting the FOIA. The bodies described in § 2.1-341(a) are those which set the policies of that agency and are ultimately accountable to the electorate or to an appointing authority such as the legislature, the governor, city councils or board of supervisors.

The only category the Animal Research Committee could possibly fall into within § 2.1-341(a) of the Code is that of "other organizations, corporations or agencies in the Commonwealth, supported wholly or principally by public funds." In construing a general term such as "organization," the court, employing the principle of *Ejusdem generis*, must relate the general to the more specific found elsewhere in the legislation. "Organizations" must be those organizations which are similar to those previously enumerated in § 2.1-341(a), such as legislative bodies, authorities, board, bureaus, commissions, etc. The common thread shared by those specified is that they are all bodies which are constitutionally or legislatively charged with the governance of, and ultimate responsibility for, a discrete agency of government. The only exception is planning commissions which generally have advisory responsibilities and not ultimate decisional authority. But planning commissions are specifically described. The Animal Research Committee has no statutorily imposed governmental responsibility; it is not even advisory to such a body. It is simply a means by which the university allocates its available personnel to achieve the responsibilities which are assigned by the Board of Visitors through the president.

Using the familiar principle of statutory construction, *noscitur a sociis*, the word "organization" must take on a limited meaning and not the global meaning that can be applied to this word. This principle requires that the word be construed with reference to the words it is used with. *Kohlberg v. Va. Real Estate Commission*, 212 Va. 237 (1971). Like the words it is found with, "corporations or agencies," the word "organizations" must be construed to mean an organization having some independent status like that of a corporation or an agency.

The court, then, construes the word "organizations" in the Commonwealth wholly or principally supported by public funds to mean an organization having an independent status which is charged by law with the governance of, or responsibility for, some discrete public agency. It does not include subordinate, dependent groupings of individuals who are charged with carrying out a part of the mission of a parent body.

For the reasons cited, the relief requested by the plaintiffs must be denied.