## CIRCUIT COURT OF FAIRFAX COUNTY

Earl F. Lovell

v.

Alda D. Lovell

November 18, 1988

Case No. (Chancery) 97884

By JUDGE RICHARD J. JAMBORSKY

This matter is before the Court on a Rule to Show Cause entered on November 13, 1987, and heard on December 11, 1987.

The Court entered a final decree of divorce on June 19, 1987, and *inter alia* awarded the defendant 40% of the complainant's military pension. The defendant alleges that she has failed to receive the full 40% of the complainant's pension due to the complainant's deductions for taxes prior to payment. The Court finds that the complainant has failed to comply with the June 19, 1987, decree by arbitrarily reducing the gross benefits payable to Alda Lovell and is thereby in contempt of this Court.

On June 19, 1987, this Court entered the following decree awarding the defendant a percentage of the complainant's pension benefits:

the defendant Alda D. Lovell, shall receive 40% of the complainant's military retirement benefits until the death of either party. The payments shall be made *directly* to the defendant Alda D. Lovell from the military and the *complainant shall execute any and all documents necessary*

> *to effect direct payment* of the referenced portion
> of his retirement benefits to the defendant
> . . .

Mr. Lovell in compliance with the aforementioned order has arranged a voluntary allotment directly payable to his former spouse. Mr. Lovell's monthly retirement check is in the amount of $2,104.00. From that sum Mr. Lovell has deducted (1) a specific amount towards the Survivor Benefit Plan (SBP); (2) federal income tax withheld (FITW); (3) additional federal income tax withheld (Add FITW) and (4) state income tax withheld (SITW). The net retirement benefits after these deductions is $1,232.65; 40% of which is $494.00 (*i.e.*, the current amount being paid to Mrs. Lovell). Forty percent of the total benefits $2,104.00 (as ordered by the Court), however, would be equal to $841.60.

The Complainant relies on 10 U.S.C. § 1408 (32 C.F.R. Ch. 1, § 63.1 *et seq.*) to legitimize his actions. The Court, however, finds that 10 U.S.C. § 1408 is not applicable to the case at bar.

The Federal Uniform Services Former Spouse Protection Act (10 U.S.C. § 1408) and accompanying C.F.R. provisions (32 C.F.R. § 63.1 *et seq.* (1986)) were enacted to return to the state courts the power to treat a military pension as marital property. *Sawyer v. Sawyer*, 1 Va. App. 75, 335 S.E.2d 277 (1985). In addition, the Act provides a means by which a former spouse can "garnish" and receive directly the retirement benefits of a military retiree while at the same time providing a means of protecting the retiree by regulating the amount of military benefits available for garnishment. *White v. White*, 734 P.2d 1283 (N.M. Ct. App. 1987); *Grier v. Grier*, 731 S.W.2d 931 (Texas 1987); *Casas v. Thompson*, 720 P.2d 921 (Cal. 1986). In regulating such direct payments, the federal government interprets a court-ordered award of retirement benefits as "disposable retired pay" 10 U.S.C. § 1408(d)(1). "Disposable retired pay" is further defined as gross military benefits less authorized reductions for such items as taxes and survivor benefit plans (which were deducted in this particular case). 10 U.S.C. § 1408(a)(4). Payments pursuant to these sections are initiated by the former spouse (in this case the defendant/wife) by service on

66

a designated agent of the Marine Corps. This agent must be served with either a signed DD Form 2293, a request for former spouse payments or a signed statement including the court order (32 C.F.R. § 63.6 Procedures).

The complainant was ordered by this Court to make the necessary arrangements for direct payment to the wife. Because the former spouse (defendant/wife) has not served the designated agent for the Marine Corps, the provisions of 10 U.S.C. § 1408 have not been invoked and thus the statutory language does not govern this particular case. (32 C.F.R. § 63.6 Procedures). In addition, 10 U.S.C. Sect. 1408 does not apply because the order does not meet the specifications of the federal regulations (32 C.F.R. Sect. 63.3(e), § 63.6(c)(2)). Instead the complainant, as ordered by the Court provided for direct payment by means of a voluntary allotment which is also permissible under the Department of Defense Military Retirement Pay Manual.

Voluntary allotments are specific sums which are deducted from the retiree's check which may be directly payable to a third party. Such deductions are initiated by the retiree and it is the retiree who specifies the sum to be deducted often without the military being aware of the purpose. (Source: Marine Corps Finance Services, Kansas City, Missouri.) Because such allotments are made voluntarily without service upon a military agency and for many purposes outside of the context of a divorce decree, the government does not have the same concerns for regulating the amount of benefits that are garnishable to the former spouse as it expressed in 10 U.S.C. § 1408. Therefore there appears to be no reason for narrowly interpreting "retirement benefits" as "disposable retired pay" when dealing with voluntary allotments. This Court finds that the term "disposable retired pay" is peculiar to 10 U.S.C. § 1408.

It appears to this Court that the complainant has failed to act in accordance with the plain meaning of the Court decree, *i.e.*, 40% of the *military benefits*; not "disposable retired pay" was to be paid. It might be true that the complainant has simply done that which the federal government would do under 10 U.S.C. § 1408 and done so correctly; however, the complainant may not rely upon that particular United States Code provision. Therefore he may not use the permissible deductions found

in the Act as a shield from the June 19, 1987, decree. This Court finds the complainant in contempt of court. Complainant may purge himself of contempt by paying to the defendant the arrears computed on 40% of gross military benefits and allotting to defendant 40% of future gross military benefits, all within ninety days.