58

## CIRCUIT COURT OF FAIRFAX COUNTY

Connelly D. Stevenson

v.

Isabella Patricia Stevenson

October 2, 1990

Case No. (Chancery) 68149

## By JUDGE RICHARD J. JAMBORSKY

The matter is before the Court on Mr. Gannon's motion to dismiss in part the petition filed by Isabella Patricia Stevenson (defendant) against Connelly D. Stevenson (plaintiff. The Court took the matter under advisement and now sustains the motion to dismiss in part the petition.

On December 12, 1980, the Honorable Barnard F. Jennings entered a final decree of divorce as to the parties. In the final decree, the Court incorporated an executed property settlement agreement dated July 28, 1980, and an addendum to such agreement dated October 27, 1980. On November 15, 1989, the defendant filed a petition requesting (1) that the Court award her fifty percent of the plaintiff's gross military retirement pay; (2) that the Court order the plaintiff to produce evidence of income from December 12, 1980, to the present for the purpose of verifying whether correct alimony payments were made and to pay any arrearages owing to the defendant; and (3) that the Court award the defendant counsel fees for costs incurred in enforcing the terms of the property settlement agreement. The plaintiff filed a motion to dismiss the

defendant's petition with respect to the defendant's being awarded a fifty percent share of his military retirement pay. Thereafter, the parties submitted numerous briefs on this issue to the Court.

In Virginia, the Courts have long recognized that "marital property settlements entered into by competent parties upon valid consideration for lawful purposes are favored in the law and such will be enforced unless their illegality is clear and certain." *Cooley v. Cooley*, 220 Va. 749, 752, 263 S.E.2d 49, 52 (1980) (*citing Wallihan v. Wallihan*, 196 Va. 117, 125, 82 S.E.2d 553, 558 (1954)). In § 20-109 of the Virginia Code, the legislature embodied this concept by explicitly providing that "no decree or order . . . establishing or imposing any other condition or consideration, monetary or nonmonetary, shall be entered except in accordance with that stipulation or contract." Va. Code Ann. § 20-109 (1990). In construing § 20-107.3 in conjunction with § 20-109, the Court of Appeals has held that a court may not make an equitable distribution award that is contrary to or inconsistent with a property settlement agreement. *Parra v. Parra*, 1 Va. App. 118, 128, 336 S.E.2d 157, 162-63 (1985). The Court's holding in *Parra* reaffirms Virginia's strong public policy which favors the use of property settlement agreements as a mechanism to ensure the prompt resolution of property disputes in divorce cases. *Parra*, 1 Va. App. at 129, 336 S.E.2d at 163.

However, a property settlement agreement is a contract and is potentially subject to review as to proper formation, validity, and interpretation. *Smith v. Smith*, 3 Va. App. 510, 513, 351 S.E.2d 593, 595 (1986) (*citing Tiffany v. Tiffany*, 1 Va. App. 11, 15, 332 S.E.2d 796, 799 (1985)). A party is not prevented from bringing a proceeding to interpret the terms of the property settlement agreement. *McLoughlin v. McLoughlin*, 211 Va. 365, 368, 177 S.E.2d 781, 783 (1970).

The defendant contends that she is entitled to a fifty percent share of the plaintiff's gross military retirement pay. Her contention is based on provision 15 of the property settlement agreement dated July 28, 1980, which provides:

[i]f legislation is enacted in the future, which shall provide future benefits for the wife as an ex-spouse of a retired military officer, this agreement shall be reopened to substitute or include those benefits. It is expressly understood that the wife's interest in such benefits is not waived in any manner by this agreement, but instead such rights are preserved unto her for future changes in legislation.

In construing the terms of the property settlement agreement, the Court acknowledges that "[t]he polestar for the construction of a contract is the intention of the contracting parties *as expressed by them in the words they have used.*" Seaboard Air Line R.R. Co. v. Richmond-Petersburg Turnpike Auth., 202 Va. 1029, 1033, 121 S.E.2d 499, 503 (1961) (*quoting Ames v. American Nat'l Bank*, 163 Va. 1, 38, 176 S.E.2d 204, 216 (1934)). Although, the Court may use the circumstances surrounding the making of the contract and the purpose for which the contract was made as a guide in interpreting the words of the contract. Seaboard Air Line R.R. Co., 202 Va. at 1033, 121 S.E.2d at 503. In resolving any ambiguities, the Court will consider the intention of the parties respectively "as found substantially expressed in the writing itself" and in accordance with the principles enunciated above. *Richmond Eng. & Manuf. Corp. v. Loth*, 135 Va. 110, 143, 115 S.E. 774, 783 (1923).

The Court is of the opinion that the defendant is not entitled to a fifty percent share of the plaintiff's military retirement pay under provision 15 of the property settlement agreement dated July 28, 1980. First, the parties specifically spoke to the disposition of the plaintiff's military pension in the alimony provisions of the property settlement agreement. Provisions 6.(e) and 7 of the property settlement agreement provide the plaintiff with a formula to be utilized in determining what percentage of his military pension is to be paid to the defendant as alimony. Provisions 6.(e) and 7 provide:

6.(e) At such time that the effective amount of alimony as provided for above is exceeded

by 50% of the Husband's gross monthly retirement pay, each monthly alimony payment shall be equal to 50% of the Husband's gross monthly retirement pay;

7. Husband is presently employed as a research fellow by Logistics Management Institute. If and when Husband retires from his present, or any similar occupation, or for some reason is no longer actively employed in his present or similar occupation, and the Wife is still entitled to receive alimony payments otherwise established in this agreement, each monthly alimony payment shall be equal to 45% of the Husband's gross military retirement pay for the month in which such alimony is paid.

Property Settlement Agreement, July 28, 1980, Provisions 6.(e) and 7. As a background to these provisions of the agreement, the plaintiff represents that he was eligible for and receiving military retirement benefits at the time that the parties were negotiating the agreement. Respondent's Reply Brief to Petitioner's Memorandum in Opposition to Motion to Dismiss, pp. 6-7. If it was the intent of the parties to reserve to the defendant a future interest in the plaintiff's military pension, the Court is convinced that such a reservation would have been expressly made from the provisions of the contract and surrounding circumstances. Clearly, the defendant negotiated for a portion of the plaintiff's military pension in the form of alimony.

Second, the defendant's interpretation of provision 17 renders the property settlement agreement an absurdity. Under the defendant's interpretation of provision 17, the plaintiff could be required to pay to the defendant not only a portion of his monthly gross military pension as alimony but also to pay one-half of the value of his military pension up front as a form of equitable distribution. The net result could conceivably deprive the plaintiff of any part of his military pension. The Court firmly disagrees with the contention that this is the result that the parties intended by the words used in provision 17. The Court's position is strengthened by the fact that

the defendant waited over seven years since the passage of the Uniform Services Former Spouses Protection Act, 10 U.S.C.A. § 1408 (West 1983), to claim an interest in her husband's military pension. The Court is under an obligation to construe contracts "as a whole. Their provisions are to be harmonized when possible, effect is to be given to every stipulation when it can be reasonably done, while the condition of the parties and the circumstances under which they were executed should be considered." *Virginia Ry. Co. v. Hood*, 152 Va. 254, 258, 146 S.E. 284, 285 (1929).

Third, a fair and reasonable reading of provision 15 of the property settlement agreement does not afford the defendant the relief requested. Provision 15 states that "this agreement shall be reopened to substitute or include those [future] benefits" which Congress shall provide to the defendant as an ex-spouse of a retired military officer. Property Settlement Agreement, July 28, 1980, Provision 15. The Uniform Services Former Spouses Protection Act (USFSPA), 10 U.S.C.A. § 1408 (West 1983), effectively overruled the Supreme Court's holding in *McCarty v. McCarty*, 453 U.S. 210 (1981), and provides that a state court may order a division of military retirement pay as part of the distribution of marital property incident to a divorce proceeding. Under the USFSPA, the defendant is not entitled to a portion of the plaintiff's military pension as a matter of right. 10 U.S.C.A. § 1408(c)(1) (West 1983). *See also Sawyer v. Sawyer*, 1 Va. App. 75, 79, 335 S.E.2d 277, 280 (1985). Additionally, provision 15 of the property settlement agreement does not provide a mechanism for determining how the division of the military pension would be calculated. The defendant cannot realistically assert that the Court ought to follow the criteria set forth in § 20-107.3 of the Virginia Code. The equitable distribution statute did not exist in 1980. If the Court were to apply the statute to the agreement now, it would effectively "put a construction on the words the parties have used which they do not properly bear." *Seaboard Air Line R.R. Co. v. Richmond-Petersburg Turnpike Auth.*, 202 Va. 1029, 1033, 121 S.E.2d 499, 503 (1961).

For the foregoing reasons, the plaintiff's motion to dismiss in part the defendant's petition is sustained. If the Court were to allow the defendant to repudiate

and rewrite the property settlement agreement, "the usefulness and validity of all such contracts [would] be lessened." *Parra v. Parra*, 1 Va. App. 118, 129, 336 S.E.2d 157, 163 (1985).

It is the Court's understanding that the plaintiff has not objected to the defendant's requested relief regarding the calculation of alimony payments. Therefore, the Court orders the plaintiff to produce evidence of income from December 12, 1980, to the present to the defendant. The purpose of such evidence is to verify whether the plaintiff has made correct alimony payments to the defendant and to calculate any arrearages owing to the defendant.