T.C. Memo. 2002-198


UNITED STATES TAX COURT


GAY M. PFISTER, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 1846-00.                    Filed August 8, 2002.


Mark E. Kellogg, for petitioner.

Richard F. Stein, and Timothy B. Heavner, for respondent.


MEMORANDUM OPINION

POWELL, Special Trial Judge:  Respondent determined a
deficiency of $3,654 in petitioner's 1997 Federal income tax.
The issue is whether amounts received by petitioner from her
former husband's military retirement pay are includable in
petitioner's gross income.  Petitioner resided in Virginia Beach,
Virginia, at the time the petition was filed.

## Background

This case was submitted fully stipulated under Rule 122.[1] The facts may be summarized as follows.[2] Petitioner and her former husband, Lewis M. Pfister, Jr., were married on July 15, 1961. Petitioner and her former husband were divorced by a Final Decree of Divorce, entered on April 1, 1986, by the Circuit Court of Fairfax County, Virginia. This decree has not been modified in any way since its entry.

Petitioner's former husband retired from the United States Air Force on January 31, 1982. At the time of the divorce, he was receiving retirement pay as a result of this service. The divorce decree incorporated a "Property And Support Settlement Agreement" (hereinafter jointly referred to as the "decree"), which provided:

> 12. <u>HUSBAND'S MILITARY BENEFITS</u>. It is the agreement of the parties that the wife shall hereafter have all benefits and privileges bestowed upon her as a spouse of a former member of the United States Armed forces on active duty, same being pursuant to Uniformed Services Former Spouses' Protection Act, Public Law 97-252, said entitlements to include, by way of example, commissary, PX, and medical benefit privileges as more specifically set forth in said Act.

---

[1] Unless otherwise indicated, section references are to the Internal Revenue Code in effect for the year in issue, and Rule references are to the Tax Court Rules of Practice and Procedure.

[2] The facts are not in dispute and the issue is primarily one of law. Sec. 7491, concerning burden of proof, has no bearing on this issue.

The parties further agree that effective with the August 1984 payment, <u>the wife shall be owner of, and receive, one-half of husband's disposable retired or retainer pay</u>, [i.e.], during the joint lives of the parties, the husband and wife shall each receive one-half of husband's disposable retired or retainer pay, as defined in the above Act, accruing to him on a monthly basis as a result of his active duty service in the United States Armed Forces. The wife shall also be named permanent and irrevocable beneficiary of husband's Survivor's Benefit Plan in connection with said military retirement.

The parties agree that any decree of divorce hereafter entered between them shall include therein all appropriate language necessary to effectuate the foregoing. The parties further agree to execute any and all other documentation necessary to effectuate the intent and understandings expressed in this paragraph. [Emphasis added.]

Pursuant to the provisions of the decree, petitioner received $13,061 during 1997, representing her half of the disposable retirement pay. Petitioner did not report this amount on her 1997 Federal income tax return.

Respondent determined that the $13,061 was properly includable in petitioner's gross income for 1997 as pension income under section 61(a)(11). Petitioner maintains that the payments represent a nontaxable division of property.

## Discussion

In general, gross income is defined by section 61 as follows:

SEC. 61. GROSS INCOME DEFINED.

(a) General Definition.--Except as otherwise provided * * * gross income means all income from whatever source derived, including * * *

\*    \*    \*    \*    \*    \*    \*

(11) Pensions * * *.

Petitioner does not argue, nor would we agree, that military retirement pay is not a pension within the meaning of section 61(a)(11). Weir v. Commissioner, T.C. Memo. 2001-184; see also Eatinger v. Commissioner, T.C. Memo. 1990-310; sec. 1.61-11, Income Tax Regs. Additionally, we note: "It is axiomatic in Federal tax law that income is taxable to the legal owner of the * * * property producing the income". Miles Prod. Co. v. Commissioner, T.C. Memo. 1969-274, affd. 457 F.2d 1150 (5th Cir. 1972); see also Helvering v. Clifford, 309 U.S. 331 (1940). The pension payments are gross income to the party who owns the right to those payments pursuant to the division of property in a divorce. See, e.g., Weir v. Commissioner, supra; Eatinger v. Commissioner, supra; Lowe v. Commissioner, T.C. Memo. 1981-350.

In McCarty v. McCarty, 453 U.S. 210 (1981), the Supreme Court held that State courts lacked the power to divide military retirement benefits pursuant to divorce.[3] The Court found that

_____

[3] McCarty v. McCarty, 453 U.S. 210 (1981), dealt with the State of California and its community property regime. The issue before the Court was whether the retiree's military retirement pay constituted property in which the retiree's former spouse could claim an interest. The case at hand deals with the laws of the Commonwealth of Virginia, a common law State, where there is equitable division of the former husband's military retirement pay. This distinction is of no consequence to our decision in this case as the McCarty case and the applicable Federal statutes, infra, apply both to community property jurisdictions and to common law jurisdictions such as Virginia whose laws

(continued...)

Congress, in enacting the military retirement system then in place, "designed to accomplish two major goals:  to provide for the retired service member, and to meet the personnel management needs of the active military forces."  Id. at 232-233.  The Court held that "The community property division of retired pay has the potential to frustrate each of these objectives."  Id. at 233.  In noting that "in no area has the Court accorded Congress greater deference than in the conduct and control of military affairs", the Court invalidated the California law at issue as being preempted by Federal law.  Id. at 236.

In response, Congress enacted the Uniformed Services Former Spouses' Protection Act (USFSPA), 10 U.S.C. sec. 1408 (2000).  In general, 10 U.S.C. section 1408(c)(1), provides, inter alia

> a court may treat disposable retired or retainer pay payable to a member * * * either as property solely of the member or as property of the member and his spouse in accordance with the law of the jurisdiction of such court.

The provisions of the USFSPA were intended "to restore the law to what it was when the courts were permitted to apply State divorce laws to military retired pay".  S. Rept. 97-502, at 5 (1982).  The USFSPA did not create any right or entitlement to military retired pay, nor did it either require or prohibit any

---

³(...continued)
relating to the equitable division of marital property vest a spouse with interests analogous to those she would possess in a community property State.  See Mansell v. Mansell, 490 U.S. 581, 584 n.2 (1989); S. Rept. 97-502, at 2, 3 (1982).

division of retired pay by a State court.  Id. at 4.  Instead,

the USFSPA specifically allows State courts to treat military

retired pay "either as the property solely of the member or as

the property of the member and his spouse."  Id.  Further, 10

U.S.C. section 1408(c)(2), provides:

> Notwithstanding any other provision of law, this section
> does not create any right, title, or interest which can be
> sold, assigned, transferred, or otherwise disposed of
> (including by inheritance) by a spouse or former spouse.

The Senate report states that

> nothing in section 1408 creates, gives, or permits to exist
> any right, title, or interest which may be sold, assigned,
> transferred, or otherwise disposed of by a spouse or former
> spouse.  It is recognized that this limitation is contrary
> to certain concepts of property laws, especially the
> concepts of community property laws.  That is, it is
> recognized that when a division of property is made pursuant
> to a divorce proceeding in a State having community property
> laws, each spouse usually becomes the sole owner of his or
> her portion of the community property so that the spouse can
> sell, assign, transfer, or otherwise dispose of that
> property without limitation.  These rights normally include
> the right to transfer the property upon death by will or
> through intestate succession laws. * * *  [S. Rept. 97-502,
> supra at 16.]

The report further noted that Congress did not wish to give

the former spouse any greater rights in the military retired pay

than those possessed by the military retiree.  Since the military

retiree is prohibited from selling, assigning, transferring, or

otherwise disposing of his right to receive retired pay, it

follows that the former spouse would also be so limited.  Id.  We

find that 10 U.S.C. section 1408(c)(2) does not limit a court of

competent jurisdiction from awarding an ownership interest to the

spouse, as so restricted, if the court otherwise has that power. In short, that section is an anti-alienation provision that limits a nonmember spouse from disposing of the interest. We consider, therefore, whether the State court has the authority to divide the military pension between the member and the spouse.

Va. Code Ann. section 20-107.3 (Michie 1986), provides in pertinent part as follows:

> Sec. 20-107.3.  Court may decree as to property of the parties.--A.  Upon decreeing the dissolution of a marriage * * * the court * * * shall determine the legal title as between the parties, and the ownership * * * of all property * * * of the parties * * *.

> *          *          *          *          *          *          *

> 2.  Marital property is * * *(ii)  * * * All property including that portion of pensions, profit-sharing or retirement plans of whatever nature, acquired by either spouse during the marriage * * *.

> *          *          *          *          *          *          *

> C.  The court shall have no authority to order the conveyance of * * * marital property not titled in the names of both parties * * *.  This subsection shall not be construed to prevent the court from directing payment of a percentage of pension, profit sharing or retirement benefits as authorized under subsection G below.

> D.  Based upon the equities and the rights and interests of each party in the marital property, the court may grant a monetary award * * * to either party.  The party against whom a monetary award is made may satisfy the award * * * by conveyance of property, subject to approval of the court.

> *          *          *          *          *          *          *

> G.  The court may direct payment of a percentage of pension, profit-sharing or retirement benefits, whether

vested or nonvested, payable in a lump sum or over a period of time and only as such benefits are payable. * * *

H. Nothing in this section shall be construed to prevent the affirmation, ratification and incorporation in a decree of an agreement between the parties pursuant to sections 20-109 and 20-109.1.

Va. Code Ann. section 20-109.1 (Michie 1986), empowers a court to affirm, ratify, or incorporate by reference into a final order any valid agreement by the parties. Aster v. Gross, 371 S.E.2d 833, 837-838 (Va. Ct. App. 1988); Parra v. Parra, 336 S.E.2d 157, 163 (Va. Ct. App. 1985).

The decree in this case incorporated the agreement of the parties dividing the military retirement pay of petitioner's former husband. From the language of the agreement, it is clear that the parties intended petitioner to "be owner of, and receive, one-half of husband's disposable retired or retainer pay". The court had the authority to enforce this agreement, and nothing in the USFSPA or Virginia law prevents petitioner from receiving as separate property the right to one-half of her former husband's military retired pay if the parties so agree. See 10 U.S.C. sec. 1408; Va. Code Ann. secs. 20-107.3(H) and 20-109.1 (Michie 1986); Aster v. Gross, supra; Parra v. Parra, supra. Indeed, the court must incorporate such an agreement in the decree. Parra v. Parra, supra.

The cases relied on by petitioner, Gamble v. Gamble, 421 S.E.2d 635 (Va. Ct. App. 1992), Williams v. Williams, 354 S.E.2d

64 (Va. Ct. App. 1987), and <u>Sawyer v. Sawyer</u>, 335 S.E.2d 277 (Va. Ct. App. 1985), are not on point. These cases involve the question whether a Virginia court can order an equitable division of pension benefits without agreement of the parties. Here, the parties entered into an agreement dividing the ownership interest of the former husband's military retirement benefit. Pursuant to Va. Code Ann. sections 20-107.3(H) and 20-109.1, the State court had the authority and discretion to affirm, ratify, or incorporate by reference into the final order this valid agreement by the parties. See <u>Aster v. Gross</u>, <u>supra</u>; <u>Parra v. Parra</u>, <u>supra</u>; see also <u>Mozley v. Commissioner</u>, T.C. Memo. 2001-125, affd. 22 Fed. Appx. 214 (4th Cir. 2001), cert. pending No. 01-10303 (May 16, 2002).

Finally, petitioner's argument that section 1041 renders receipt of the pension payments nontaxable is misguided. Section 1041 deals with transfers of property between spouses or incident to divorce. In general, it provides that (1) no gain or loss shall be recognized to the transferor on such a transfer and (2) the transferee succeeds to the transferor's basis. See <u>Weir v Commissioner</u>, T.C. Memo. 2001-184. Under Virginia law, and prior to divorce, the rights to the pension that accrued to petitioner's former husband were solely his. In accordance with USFSPA and the State court's decree incorporating the parties' agreement, however, petitioner received as her separate property,

pursuant to an equitable division of the marital estate, a one-half interest in the disposable military retired pay of her former husband.  The acquisition of this property right by petitioner may be a transfer of property subject to section 1041, but, like her former husband, petitioner had no basis in this property, and the distributions from the pension are includable in petitioner's gross income.

Therefore, the payments representing petitioner's interest in her former husband's military retirement pay are gross income to her.  See, e.g., Weir v. Commissioner, supra; Eatinger v. Commissioner, T.C. Memo. 1990-310; Lowe v. Commissioner, T.C. Memo. 1981-350.  Respondent's position is sustained, and petitioner must include in her gross income the amounts received in 1997 as a division of her former husband's military retirement pay.

To reflect the foregoing,

Decision will be entered for respondent.