## CIRCUIT COURT OF THE CITY OF DANVILLE

Robert Lee Scott, Jr.

v.

Gardner,
Administrator
of the Estate of
Helen Christine Nichols,
deceased

July 11, 2007

Case No. (Civil) 07-228

BY JUDGE JOSEPH W. MILAM, JR.

This matter comes before the Court on Allstate's Plea of the Statute of Limitations. In his complaint, the plaintiff alleges that, on September 5, 2000, he was injured when the vehicle he was operating was involved in an accident with another vehicle operated by Ms. Nichols. The limitations period for this action would have expired on September 5, 2002, two years after the accident. Va. Code Ann. § 8.01-243. On August 13, 2002, within this period of limitation, the plaintiff filed his initial motion for judgment against Ms. Nichols, who subsequently died "on or about" August 8, 2005. The plaintiff suffered a voluntary nonsuit on February 23, 2006, without moving to amend his motion for judgment.

In Virginia, when a plaintiff suffers a nonsuit, the applicable statute of limitations is tolled by the commencement of the nonsuited action. Va. Code Ann. § 8.01-229(E)(3). The plaintiff may thereafter recommence his action

within six months of the nonsuit order or within the original period of limitation, whichever is longer. *Id.* The plaintiff instituted the present action on March 26, 2007, outside of the original two-year limitation period and outside of the six-month period following the nonsuit. He maintains that the present action is nevertheless timely because his complaint was filed within one year of the November 13, 2006, qualification in Alabama of an administrator. Va. Code Ann. § 8.01-229(B)(2). In *Fugate v. Moore*, the Virginia Supreme Court set forth the general rule "that a party cannot sue or defend in our courts, as executor or administrator, under the authority of a foreign court of probate." 86 Va. 1045, 1049, 11 S.E. 1063, 1064 (1890). This general rule has been applied by the state Supreme Court as recently as January 2007, in *Harmon v. Sadjadi*, 273 Va. 184, 639 S.E.2d 294 (2007), which was discussed by counsel. However, this Court proceeds to Allstate's Plea because the standing of the administrator has not been challenged. *Wackwitz v. Roy*, 244 Va. 60, 64, 418 S.E.2d 861, 864 (1992) (noting that the issue is "deemed . . . no longer to be jurisdictional" (citation omitted)).

The plaintiff's reliance on § 8.01-229(B)(2), which permits the filing of a cause of action within one year of the qualification of a decedent's personal representative, is misplaced. Subsection (B)(2) provides an extended limitation period "[w]hen a cause of action accrues but no action is commenced before the decedent's death, if the applicable statute of limitations has not expired before death." Va. Code Ann. § 8.01-229(B)(2), Revisers' Note. The Revisers' Note, although not controlling on the Court, *Simon v. Forer*, 265 Va. 483, 578 S.E.2d 792 (2003), is consistent with the Court's construction of subsection (B)(2) and highlights the difficulty with the plaintiff's argument.

The difficulty with the plaintiff's argument is that he commenced his cause of action in August 2002, before the decedent's death. The plaintiff's argument is premised upon his misconstruction of the words "commenced" and "commencement," as employed in subsection (B)(2). Either word, standing alone, is a general term that might encompass the bringing of his renewed action. However, "the meaning of a word takes color and expression from the purport of the entire phrase of which it is a part, and it must be read in harmony with its context." *Turner v. Commonwealth*, 226 Va. 456, 460, 309 S.E.2d 337, 339 (1983); *see Kohlberg v. Virginia Real Estate Commn.*, 212 Va. 237, 183 S.E.2d 170 (1971).

The provision in subsection (B)(2) for an extended limitation period if a decedent dies before an action against her is commenced is followed in subsection (E)(3) by a tolling provision, allowing a plaintiff who suffers a nonsuit to "recommence" his or her action within a certain period. The

common, ordinary meaning of the word "recommence," as employed in subsection (E)(3), narrows the breadth of meaning of the words "commenced" and "commencement," indicating that the legislature intended that the application of the provision in subsection (B)(2) be limited to the pleading of a new substantive cause of action, which the plaintiff here has not pleaded.

The Court must therefore conclude that subsection (B)(2) was not implicated by the plaintiff's voluntary nonsuit and that the present action, instituted outside of the original limitation period and outside of the six-month period following the nonsuit, is not timely. Allstate's Plea of the Statute of Limitations must accordingly be sustained.