**Richmond**

THURMAN L. BRINKLEY

v.

VIRGINIA S. BRINKLEY

No. 0410-86

Decided October 6, 1987

COUNSEL

James J. Vergara, Jr. (James J. Vergara, on brief), for appellant.

Homer C. Eliades (Homer C. Eliades, on brief), for appellee.

OPINION

**BENTON, J.** — Virginia S. Brinkley was granted a divorce *a vinculo matrimonii* from her husband, Thurman L. Brinkley, on the statutory no fault ground. In this appeal, the husband attacks that portion of the circuit court's decree ordering a monetary award in equitable distribution and awarding spousal support to the wife. Because we conclude that the trial court did not comply with Code § 20-107.3(E) in granting the monetary award, we reverse the decree both as to the monetary award and spousal support and remand those issues for reconsideration.

A commissioner in chancery was appointed to take evidence pertinent to the title of property and the identification of the marital and separate property. The parties stipulated many of the issues concerning their affairs, including the following identification of the husband's total income:

| | |
|---|---|
| Social Security Disability Payments | $515.00 |
| Allied Chemical Disability Pension | 112.25 |
| Veteran's Administration Disability Plan | 184.00 |
| TOTAL | $811.25 |

The parties also stipulated that the wife was employed part-time and had a net income of about $100.00 per month.

By letter opinion the trial court identified the marital and separate property and stated:

Having thus determined the marital property subject to equitable distribution under Section 20-107.3, *Code of Virginia,*

the Court has considered all of the evidence relevant to the factors enumerated in subsection E thereof *in arriving at the decision as to distribution of these marital assets.* (emphasis added).

The trial court proceeded to specify in very clear and precise terms the subsection E factors as they applied to the circumstances of the parties and ordered a "division" of the marital property "[b]ased upon all the factors mandated, and the evidence to support the same."

The marital home, valued at approximately $26,000, was ordered sold by partition if the parties could not agree on a sale, with the proceeds to be equally divided between them. The parties were ordered to take the necessary action to title two vehicles of unspecified value in their separate names in accordance with their stated agreement. The tangible personal property, consisting of household items and effects, was not valued but was deemed marital property and divided between the parties by alternating selection from a master list of all the tangible personal property that the parties could not agree to distribute. A joint savings account was considered equally owned by the parties; thus, after debiting each party's one-half share for the withdrawals that each made, the balance was divided with $5,426 going to the husband and $10,857 to the wife. All other intangible personal property was divided equally.

The trial court then awarded "a lump sum monetary award of $3,000" to the wife, which was to be paid from the husband's share of the bank account. In addition, the wife was awarded "an amount equal to 36%" of the husband's monthly pensions which would have amounted to about $300. The husband also was ordered to pay to the wife spousal support in the amount of $100 per month. The husband appeals this portion of the decree.

■ Under our statutory equitable distribution scheme, the trial court, "[b]ased upon the equities and the rights and interests of each party in the marital property," is empowered to "grant a monetary award, payable either in a lump sum or over a period of time in fixed amounts, to either party," upon decreeing a divorce. Code § 20-107.3(D). This court has addressed the procedural requirements imposed upon trial courts by Code § 20-107.3 for making equitable distribution decisions. *See, e.g., Robinette v.*

*Robinette*, 4 Va. App. 123, 128-30, 354 S.E.2d 808, 810-12 (1987); *Williams v. Williams*, 4 Va. App. 19, 23-26, 354 S.E.2d 64, 65-66 (1987); *Morris v. Morris*, 3 Va. App. 303, 310, 349 S.E.2d 661, 665 (1986); *Hodges v. Hodges*, 2 Va. App. 508, 516-17, 347 S.E.2d 134, 139 (1986); *Venable v. Venable*, 2 Va. App. 178, 185-86, 342 S.E.2d 646, 650-51 (1986); *Sawyer v. Sawyer*, 1 Va. App. 75, 78, 335 S.E.2d 277, 279 (1985); *Rexrode v. Rexrode*, 1 Va. App. 385, 391-94, 339 S.E.2d 544, 548-50 (1986); *McGinnis v. McGinnis*, 1 Va. App. 272, 275-77, 338 S.E.2d 159, 160-61 (1985).

■ All of the provisions of Code § 20-107.3 must be followed in making an equitable distribution decision. *Clayberg v. Clayberg*, 4 Va. App. 218, 222, 355 S.E.2d 902, 904 (1987). Code § 20-107.3(A) provides in pertinent part as follows: "The court must first determine the legal title as between the parties and the ownership and value of all property. The court also must determine whether the property is marital or separate property." *Robinette*, 4 Va. App. at 128, 354 S.E.2d at 810. "This determination must go beyond mere guesswork." *Artis v. Artis*, 4 Va. App. 132, 136, 354 S.E.2d 812, 814 (1987).

■ Once this step has been completed, the trial court must determine "the rights and interests of each party in the marital property." Code § 20-107.3(D). Both parties have "rights and interests in the marital property; however, such interests and rights shall not attach to the legal title of such property." Code § 20-107.3(B). These provisions require the trial court to recognize the division that exists in the marital property based upon its title and to determine as between the parties their respective rights and interests in the marital property no matter how titled.

■ After the trial court makes this examination, it must then decide whether "[b]ased upon the equities and the rights and interests of each party in the marital property" a monetary award in favor of either party is warranted. Code § 20-107.3(D); see *Williams*, 4 Va. App. at 19, 354 S.E.2d at 65. The purpose of the monetary award is to provide a mechanism by which our courts may equitably distribute the material fruits of the marriage. Thus, the trial court *must* examine the rights and interests of each party in the marital property for the purpose of determining whether a monetary award is appropriate. *See* Code § 20-107.3(D). The monetary award then must be fashioned to equitably "compensate

a spouse for his or her contribution to the acquisition of property obtained during the marriage." *Sawyer*, 1 Va. App. at 78, 335 S.E.2d at 279.

■ If the trial court determines after its examination that a monetary award is warranted, "*the amount* of the award *and the method of payment* shall be determined . . . after consideration of" the eleven statutory factors. Code § 20-107.3(E)(emphasis added). The monetary award must be fair and equitable. Code § 20-107.3(E)(11). Neither Subsection D nor E of Code § 20-107.3 require the trial court to consider the eleven factors of Subsection E in determining whether to grant a monetary award. However, Subsection E explicitly states that the eleven enumerated factors are to be considered in determining "the amount of the award and the method of payment." Subsection E, thus, presupposes that a trial court has already determined that a monetary award is appropriate.

As far as we can determine the trial court classified all of the property at issue as marital property. The trial court did not make findings concerning the legal title or ownership of various pieces of tangible personal property, including the household items which were determined to be marital property. However, the trial judge's finding that "the vast majority of assets were acquired through the mutual resources of the husband and wife" creates the inference that he considered the rights and interests of the parties in those assets to be equal. The trial court also did not place a value on the personal property but instead allocated the household items and effects to the parties by a method of alternating division.

It appears from its letter opinion that the trial court determined that under the circumstances of this case it was "equitable" to allocate to each party one-half of the marital assets upon which the parties could not agree, to award the wife an additional $3,000 which was styled "a lump sum monetary award," and then to award the wife thirty-six percent of the pensions. We cannot say that the trial court made a monetary award as contemplated by the statute because we find no evidence that in making a decision whether a monetary award was warranted the trial court analyzed the rights and interests of the parties in the marital property and then made a judgment based "upon the equities and the rights and interests of the parties in the marital property." It is clear from the opinion letter that after determining "the marital

property subject to equitable distribution" the trial court then proceeded directly to an examination of the statutory factors required to determine *the amount* of the award. As a consequence the record before us does not contain a classification of the type and value of marital property titled in the name of the husband, the type and value of marital property titled in the name of the wife, the type and value of marital property jointly owned or titled, and the trial court's finding as to the equities and the rights and interests of the parties in the marital property.

The decree provides that "[t]he defendant is ordered to pay the complainant a lump sum monetary award of $3,000." We can discern no basis upon which that amount was determined, but we do conclude that the $3,000 sum was not "[b]ased upon the equities and the rights and interests of each party in the marital property." Code § 20-107.3(D). As such, we cannot say that the $3,000 represents an award as envisioned by the statute.

Even if we assume that the trial court determined the legal title, value and ownership of all the marital property and that the trial court then determined, based upon the equities, rights and interests of each of the parties in the marital property that a monetary award was appropriate, we conclude that the trial court erred in making an award in the amount of $3,000. Code § 20-107.3(E)(8) specifically requires the trial court to consider the *present value* of pensions and retirement benefits in deciding upon the amount of a monetary award. *Sawyer*, 1 Va. App. at 78, 335 S.E.2d at 279.

Noticeably absent from letter opinions and the final decree is a consideration of the present value of the husband's pension benefits. In discussing Subsection E(8) the trial court stated:

> There was no evidence presented as to the present value of any of the pension benefits received by the husband. The wife receives none. However, since all three of these pensions are vested and are being paid in sums certain, their present value could be inferred if that were necessary.

However, the record discloses no subsequent attempts to ascertain, whether through the introduction of evidence or by the process of inference, the present value of the pensions. Instead, the court computed the "current pension income" evidently by adding the

monthly receipts the husband was receiving from the pensions "[w]ithout going into the matter of present value." It then ordered the husband to pay thirty-six percent of his monthly benefits from those pensions without indicating the basis upon which that determination was made.

The trial court also erred in ordering the husband to pay "a lump sum monetary award of $3,000" and then ordering him additionally to pay the wife "an amount equal to 36% of the total of three monthly pensions." As we read this portion of the decree, it effectively grants to the wife two monetary awards. However, Code § 20-107.3, both as it read prior and subsequent to the 1985 amendment, contemplates only one monetary award, the amount of which is determined by the careful consideration of the eleven criteria enumerated in Subsection E. Although Code § 20-107.3(G) as it read prior to its amendment required the trial court to identify that *portion* of the award based upon retirement benefits, *see Mitchell v. Mitchell*, 4 Va. App. 113, 121, 355 S.E.2d 18, 22 (1987), that provision cannot be construed as authorizing multiple monetary awards. Furthermore, the statute now clearly indicates that the monetary award is not composed of discrete parts each based upon one of the enumerated factors, but is rather a single entity whose total amount is determined by examination of the Code § 20-107.3(E) factors.

Once the amount of the monetary award has been determined by careful consideration of all of the Code § 20-107.3(E) factors, including the present value of the pension benefits, the court may direct payment of a percentage of those benefits toward satisfaction of the award. *See* Code §§ 20-107.3(C) and (G); *McGinnis*, 1 Va. App. at 276, 338 S.E.2d at 161; *see also Sawyer*, 1 Va. App. at 79, 335 S.E.2d at 280. If the court directs payment of a percentage of the pension, profit-sharing, or retirement benefits in satisfaction of the monetary award, such *payments* can be required "only as such benefits are payable." *See* Code §§ 20-107.3(D) and (G). Simply because the trial court is statutorily empowered to direct that the award be satisfied through the payment of retirement benefits does not mean that the court may order payment of such benefits in addition to the monetary award, thereby effectively creating a second award. *See McGinnis*, 1 Va. App. at 276, 338 S.E.2d at 161. Thus, insofar as the decree effectively grants to the wife two monetary awards, it is defective.

We believe that it is important to restate the following passage from *Hodges v. Hodges*, 2 Va. App. at 517, 347 S.E.2d at 139:

> We are not unmindful of the frequent burden, difficulty, and expense involved in this process, but the responsibility of the trial court is not removed or lessened by these. *See Rexrode*, 1 Va. App. at 392, 339 S.E.2d at 550. The burden is always on the parties to present sufficient evidence to provide the basis on which a proper determination can be made, and the trial court in order to comply with Code § 20-107.3 must have that evidence before it before determining to grant or deny a monetary award. The statute details that which must be determined in order to reach an equitable result based on the notion of a marriage partnership, and awards based on anything less, regardless of how nobly and fairly created, cannot withstand appellate review.

We must reverse and remand this matter because the trial court in determining the amount of the monetary award did not follow the statutory scheme in determining whether a monetary award was appropriate. Furthermore, in determining the amount of the monetary award the trial court did not determine the present value of the pension benefits of the husband and, thus, did not include that value in determining the monetary award. Decisions from other states have addressed the problems encountered in the valuation and allocation of payments of a percentage of pension benefits. The trial court may find guidance in the cases discussed in *Ohm v. Ohm*, 49 Md. App. 392, ____, 431 A.2d 1371, 1377-81 (1981).

The husband also questions on this appeal whether the trial court erred by awarding the wife an interest in his disability income. Since this issue may occur on remand we briefly address it because the question is one of first impression in Virginia and there is a split of authority among other jurisdictions which have addressed the issue in connection with distributions under their statutes. *See, e.g., Morrison v. Morrison*, 286 Ark. 353, ____, 692 S.W.2d 601, 602 (1985)(disability retirement benefits subject to division); *Freeman v. Freeman*, 468 So. 2d 326, 328 (Fla. Dist. Ct. App. 1985)(disability pension not subject to equitable distribution); *Lookingbill v. Lookingbill*, 301 Md. 283, 289-90, 483 A.2d 1, 4 (1984)(disability pension benefits are marital property

subject to equitable distribution); *Stroshine v. Stroshine*, 98 N.M. 742, 744, 652 P.2d 1193, 1194 (1982)(disability pension benefits subject to division under New Mexico Community Property Laws); *Leighton v. Leighton*, 81 Wis. 2d 620, 637, 261 N.W.2d 457, 465 (1978)(federally provided disability pension not subject to division under equitable distribution statute). We cannot decide this question in the absence of factual findings by the trial court. The record contains no information concerning the nature and sources of the various disability policies. For example there is no evidence in the record upon which we can determine pursuant to which statute the husband's veteran's disability pension is paid. Accordingly, we would be required to speculate whether, as the husband suggests, applicable federal law would in any way "prevent [this] court from treating a military disability pension as a distributable marital asset." *King v. King*, 149 Mich. App. 495, ____, 386 N.W.2d 562, 564 (1986).

We reiterate, however, that the statutory scheme of Code § 20-107.3 requires that the equitable division, if any, of the marital property be made by means of a monetary award. Code § 20-107.3(B) requires the trial court to determine the parties' interests and rights in marital property solely for the purpose of making a discretionary monetary award and specifically states that "such interests and rights shall not attach to the legal title of such property." Thus, several of the cases which hold that a decree awarding to the wife a percentage of the pensions themselves is an actual division of federal disability benefits due to the husband and is violative of federal policy may be distinguishable. *See id.*; *Patrick v. Patrick*, 693 S.W.2d 52 (Tex. Ct. App. 1985); *Campbell v. Campbell*, 474 So. 2d 1339 (La. Ct. App. 1985); *Villasenor v. Villasenor*, 134 Ariz. 476, 657 P.2d 889 (Ct. App. 1982). We conclude, therefore, that the question whether and to what extent the various disability payments received by the husband may be considered in determining a monetary award must be determined in the first instance by the trial court upon an adequate factual record.

The husband also asserts that the trial court's determination as to spousal support awarded to the wife is defective. In determining spousal support the trial court is required to consider "[t]he provisions made with regard to the marital property under § 20-107.3." Code § 20-107.1(8). Since we reverse the court's de-

cree as to marital property, the spousal support award must be set aside and remanded for reconsideration. Upon remand, as is the case with analysis under Code § 20-107.3, the trial court must consider all of the statutory factors specified in Code § 20-107.1 in making its decision with regard to spousal support. *See, e.g., Bristow v. Bristow*, 221 Va. 1, 3, 267 S.E.2d 89, 90 (1980); *Woolley v. Woolley*, 3 Va. App. 337, 344, 349 S.E.2d 422, 426 (1986).

*Reversed and remanded.*

Baker, J., and Keenan, J., concurred.