COURT OF APPEALS OF VIRGINIA

Present: Judges Baker, Coleman and Senior Judge Cole
Argued at Richmond, Virginia


JUANITA V. GROVE

v.   Record No.  2075-95-1

IRVING D. GROVE, SR.

MEMORANDUM OPINION[*] BY
JUDGE MARVIN F. COLE
JULY 9, 1996

FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
William R. Shelton, Judge

Thomas L. Gordon (Gordon, Dodson & Gordon, on
brief), for appellant.

No brief or argument for appellee.


Juanita V. Grove (wife) appeals the equitable distribution
decision of the circuit court.  Wife raises three issues on
appeal:  (1) whether the trial court erred by allowing her only
seven days to present evidence; (2) whether the trial court erred
in its equitable distribution of the marital estate; and (3)
whether the trial court erred in valuing the marital residence.
We find that the trial court erred by failing to consider any
evidence presented by wife.  Therefore, we reverse the trial
court's decision and remand.

Irving D. Grove, Sr. (husband) filed his bill of complaint
in September 1993.  Wife timely filed an answer and cross-bill.
Husband proceeded with discovery.  Wife's counsel withdrew
pursuant to an order entered December 14, 1994, without taking

---

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

any evidence on behalf of wife.  In January 1995, wife's new counsel requested thirty days within which to gather and present evidence for wife.  By letter opinion ruling dated January 23, 1995, the trial court denied wife's request.  Subsequently, wife's counsel again sought an opportunity to "develop [wife's] position with reference to equitable distribution."  Husband filed a motion to quash the proposed deposition of wife.  By order dated May 2, 1995, the trial court denied the motion to quash and indicated it "allowed counsel for [wife] to take evidence" and that it "will allow counsel for [husband] to cross examine the [wife] if she is so deposed."  Wife's deposition was taken on February 20, 1995.

By letter dated May 1, 1995, the trial court outlined the changes it would require to the proposed final decree submitted by husband.  The final decree, issued June 21, 1995, indicated it was based "upon the depositions of [husband] and his witnesses."  The order did not reflect that the wife's evidence was considered.

## Limitation on Evidence

Wife contends the trial court erred by limiting her to seven days within which to present evidence.  Nothing in the record supports wife's claim that the court granted her only seven days within which to present evidence.

However, in its May 2, 1995 order, the trial court indicated that it allowed wife to take additional evidence.  Nevertheless,

2

in the final decree, the trial court stated that its decision was based upon husband's evidence. Therefore, although the trial court ruled that it would allow wife's deposition, it did not consider any of wife's evidence when making the final equitable distribution decision. "Unless it appears from the record that the chancellor has abused his discretion or has failed to consider or has misapplied one of the statutory factors, his determination will not be reversed on appeal." Klein v. Klein, 11 Va. App. 155, 161, 396 S.E.2d 866, 870 (1990). Because the record indicates that the trial court allowed wife to present evidence but then failed to consider any evidence she presented relevant to the factors set out in Code § 20-107.3, its ruling must be reversed. See Armistead v. Armistead, 228 Va. 352, 322 S.E.2d 836 (1984).

Because the trial court failed to consider any of wife's evidence, on remand it must grant to her a reasonable opportunity to fully present her evidence in deposition form. Thereafter, husband shall be given a reasonable time to present in deposition form rebuttal evidence if he so desires. Upon agreement of counsel for both parties, the trial court may permit the evidence to be taken in open court or by reference to a commissioner. The trial court then shall enter an order deciding the case in accordance with Code § 20-107.3. Under this section, the trial court must follow a three-step procedure when ruling as to marital property. It must first ascertain the legal title to all

3

property of the parties and classify it as separate, marital property, or part separate and part marital. It must next determine the value of the property, both separate and marital, and determine the rights and interests of the parties in the marital property. Finally, it must determine whether a monetary award is warranted. Smoot v. Smoot, 233 Va. 435, 439-41, 357 S.E.2d 728, 731 (1987); Brinkley v. Brinkley, 5 Va. App. 132, 136-37, 361 S.E.2d 139, 140-41 (1987).

Accordingly, the decision of the trial court is reversed and remanded for further proceedings consistent with this opinion.

                                        Reversed and remanded.