COURT OF APPEALS OF VIRGINIA

Present:  Chief Judge Moon, Judges Benton and Coleman
Argued at Salem, Virginia

CHARLES R. CARPENTER

                                        MEMORANDUM OPINION[*] BY
v.  Record No. 2437-96-3              JUDGE JAMES W. BENTON, JR.
                                           OCTOBER 28, 1997
JUDY ANN SMITH CARPENTER


                FROM THE CIRCUIT COURT OF ROANOKE COUNTY
                       Diane McQ. Strickland, Judge

            Harry F. Bosen, Jr. (Harvey S. Lutins;
            Stephen B. Hebblethwaite; Lutins, Shapiro &
            Kurtin, on brief), for appellant.

            Terry N. Grimes (King, Fulghum, Snead, Nixon
            & Grimes, P.C., on brief), for appellee.


     On this appeal from a final decree of divorce, Charles R.

Carpenter argues that the trial judge erred in decreeing as to

the property of the parties.  Specifically, the husband contends

that the trial judge erred in:  (1) compelling him to restore

marital funds that he used for payment of indebtedness while the

case was pending; (2) disregarding the testimony of a

court-appointed expert regarding the appraisal of husband's

business and accepting the valuation of a competing expert; (3)

placing a higher value on two automobiles than warranted by the

evidence; and (4) ordering the husband to make a lump sum payment

within six months to his wife, Judy Ann Smith Carpenter, when no

evidence revealed that the husband could do so without obtaining

a loan.  The wife argues that the husband's appeal should be

_____
     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

dismissed because the husband failed to file an appeal bond with surety as required by Rule 5A:17 and Code § 8.01-676.1. For the reasons that follow, we affirm the decree.

EXPENDITURE OF MARITAL FUNDS

On January 9, 1995, three months after the wife filed a bill of complaint for divorce, the trial judge enjoined the parties "from selling, secreting, encumbering, or otherwise disposing, in whole or in part, of marital property during the pendency of these proceedings." The evidence proved that as of May 31, 1995, the parties' marital assets included a PaineWebber account with a balance of $67,792.77. The husband testified, however, that between May 1995 and March 1996 he used $23,000 from the account to pay various debts. Specifically, the husband said he paid $8,500 toward a tax lien, $7,090 in real estate taxes on rental properties, $5,500 on a note secured by one of the properties, and $8,200 for personal expenses. He testified that the remaining balance in the PaineWebber account was $35,699.

The trial judge found that the parties' PaineWebber account was marital, valued the account at $68,265, and found that the husband had withdrawn $32,565.24 from the account in violation of the January 9, 1995 order. Finding that the husband had violated the order not to dissipate the marital assets, the trial judge awarded the wife $35,699.76. To restore the funds the husband had withdrawn in violation of the order, the trial judge awarded the husband the amount of his expenditure, $32,565.24.

The husband argues that because he withdrew $23,000 from the PaineWebber account to pay marital debts, he met his burden of proving that the funds were spent for a proper purpose. Therefore, he argues, the trial judge abused her discretion in allocating the expenditure solely to the husband.

Unless "plainly wrong or without evidence to support it," the trial judge's finding of fact that underlies an equitable distribution award will be upheld. Srinivasan v. Srinivasan, 10 Va. App. 728, 732, 396 S.E.2d 675, 678 (1990). Although the husband argued that he used the money to pay marital debts, the only evidence that he did so is his own testimony. The husband provided no other evidence to support this assertion. He offered no statements, receipts, or checks. Furthermore, the record contains no specific identification of the particular debts that were owed or that the husband said he paid. Without proof that the debt was marital and that the money was, in fact, used to pay those debts, the trial judge was not required to accept the husband's testimony that he used the money to discharge marital debts. As the trier of fact, the trial judge had to decide the issue of the witness' credibility. See Klein v. Klein, 11 Va. App. 155, 161, 396 S.E.2d 866, 869 (1990).

Moreover, the husband did not seek permission from the trial judge before liquidating the marital assets, and he did not confer with his wife before invading the account. The husband did not have checks issued directly from the PaineWebber account

to any marital creditors, and he admitted that he used part of the money for his personal use. In the absence of documents establishing the payment of marital expenses and in view of the husband's admission that he paid some of his personal bills, we find no basis to reverse the trial judge's findings. When "[t]he credibility of witnesses was crucial to the determination of the facts, . . . the findings of the trial [judge] based upon the judge's evaluation of the testimony of witnesses heard <u>ore</u> <u>tenus</u> are entitled to great weight." <u>Shortridge v. Deel</u>, 224 Va. 589, 592, 299 S.E.2d 500, 502 (1983).

"Dissipation [of marital funds] occurs 'where one spouse uses marital property for his own benefit and for a purpose unrelated to the marriage at a time when the marriage is undergoing an irreconcilable breakdown.'" <u>Clements v. Clements</u>, 10 Va. App. 580, 586, 397 S.E.2d 257, 261 (1990) (quoting <u>Hellwig v. Hellwig</u>, 426 N.E.2d 1087 (1981)). Furthermore, we have held that "[o]nce the aggrieved spouse shows that the marital funds were either withdrawn or used after the breakdown, the burden rests with the party charged with dissipation to prove that the money was spent for a proper purpose." <u>Clements</u>, 10 Va. App. at 586, 397 S.E.2d at 261; <u>see</u> <u>also</u> <u>Amburn v. Amburn</u>, 13 Va. App. 661, 666, 414 S.E.2d 847, 850 (1992). When the trial judge finds that one of the parties has dissipated marital funds, the trial judge does not err in adding that value to the marital estate when making the monetary award. <u>Stroop v. Stroop</u>, 10 Va. App.

611, 615, 394 S.E.2d 861, 863 (1990). Accordingly, we hold that the trial judge did not abuse her discretion in ordering the husband to restore funds he withdrew in violation of the judge's order.

## VALUATION OF BUSINESS

David P. Lucas, a certified public accountant, was selected to prepare a report valuing Vinton Roofing and Remodeling, a business that was marital property. Lucas reviewed the corporation's tax returns for the previous five years, interviewed the accountant who had prepared the tax returns, and met with the husband to discuss the business. In addition, Lucas reviewed the corporation's books, inspected its equipment, and inquired about the realty held by the corporation. Lucas reported that the business had a market value of $45,533, excluding any real estate. Lucas also reported that the real estate had a net equity value of $10,347. Lucas conceded that another expert might find that the market value of the business was substantially greater.

Hope Player, another certified public accountant, testified that she reviewed Lucas' report and also reviewed the corporate tax returns of the business. She did not conduct an independent valuation of the business. Player valued the business at $172,988, basing her higher appraisal on the consideration of the business' revenue and profit generating capability and the value of the assets of the business. Stating that she gave

consideration to the testimony of both experts, the trial judge accepted Player's analysis and valued the business at $172,988.

A trial judge's resolution of conflicting expert testimony is a question of fact and will not be disturbed on appeal unless plainly wrong. See Frazer v. Frazer, 23 Va. App. 358, 366, 477 S.E.2d 290, 293-94 (1996). Contrary to the husband's argument, the trial judge was not required to reject Player's analysis. Both analyses were fully explained in testimony and by the experts' reports. The evidence before the trial judge required a resolution of conflicting valuations. The trial judge was not plainly wrong in accepting Player's analysis and rejecting Lucas' valuation. Because the evidence in the record amply supports the trial judge's finding that the corporation had a value of $172,988, we affirm the ruling.

## VALUATION OF AUTOMOBILES

Richard Mayo, a dealer in "collectible" cars, testified that he appraises vehicles. Based upon his review of photographs, Mayo testified that the value of the husband's reproduction Oldsmobile was between $1,500 and $3,000 and that the value of the Metz was between $2,500 and $5,000. He testified that a restored Metz would be worth $10,000. The husband testified that he purchased the Oldsmobile for $1,500 and that the high bid for the Metz at an auction was $3,600. The trial judge valued the vehicles at $9,500.

A trial judge may select a value within a range of

conflicting opinions.  See Zipf v. Zipf, 8 Va. App. 387, 395, 382 S.E.2d 263, 268 (1989).  The trial judge had credible evidence of value to base her finding and was not required to reject it merely because the husband believed his evidence was more persuasive.  See id.  According to the testimony of Mayo, the combined values for the cars was between $6,500 and $13,000.  The value the trial judge placed on the cars was within the range of values attributed to the cars by the expert.  Thus, the evidence supported the trial judge's valuation.

LUMP SUM PAYMENT

In the final order, the trial judge found that the husband possessed $854,665 in marital assets and the wife possessed $130,585 in marital assets.  Ordering a distribution of the assets' value, the judge found that the husband owed the wife $361,975.  As partial satisfaction of the award, the judge ordered the wife to select eight parcels of real estate.  To satisfy the remainder of the award, the husband was ordered to make a lump sum payment to the wife equal to the difference between the equity value of the properties selected by the wife and the sum of $361,975.  The payment was to be made within 180 days of April 5, 1996.

The trial judge may, in her discretion, order that a monetary award be payable as a lump sum or in periodic fixed amounts.  See Code § 20-107.3(D); Brinkley v. Brinkley, 5 Va. App. 132, 135, 361 S.E.2d 139, 140 (1987).  In this case, the

trial judge ordered the husband to make a lump sum payment of over $100,000 to the wife within 180 days. The husband argues that he would have to obtain an institutional loan to make this payment and, therefore, should be allowed to satisfy the award in twelve monthly installments.

In his statement of objections, the husband stated that he did not object to the "monetary sum decreed by the Court" and that the "source of funds to make such monetary payment is the real property." The evidence proved, however, that the husband had sufficient assets that he could liquidate to satisfy the award, including selling some of his real property. Accordingly, the trial judge did not abuse her discretion in ordering the husband to pay the award within 180 days.

### BOND ISSUE

The wife's argument that the husband's appeal bond is defective is moot. After the wife filed her brief, the husband filed a replacement bond. The new bond secures the costs of appealing from the September 5, 1996 judgment and is in proper form.

In summary, we affirm the trial judge's decree ordering the husband to restore the marital funds dissipated from the PaineWebber account, valuing the business and vehicles, and awarding a lump sum to the wife to be paid within 180 days. In addition, however, we remand the case to the trial judge for consideration of appellee's request for her attorney fees

expended on this appeal.

Affirmed and remanded.