COURT OF APPEALS OF VIRGINIA


Present:   Judges Humphreys, Haley and Alston
Argued at Alexandria, Virginia


ANDRE A. OVISSI

                                                            MEMORANDUM OPINION[*] BY
v.        Record No. 2112-08-4                     JUDGE ROSSIE D. ALSTON, JR.
                                                                 AUGUST 25, 2009
ROSHANAK SALEMI


                   FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                                    R. Terrence Ney, Judge

             Jack S. Rhoades (Fred M. Rejali; Cake & Rhoades, P.C., on briefs),
             for appellant.

             David M. Levy (Jason E. Braun; Surovell, Markle, Isaacs & Levy,
             PLC, on brief), for appellee.


       Andre A. Ovissi (husband) appeals from a final decree of divorce from Roshanak Salemi

(wife) entered by the Circuit Court of Fairfax County (trial court) on August 1, 2008.  On appeal,

husband claims the trial court erred in (1) ordering husband to pay wife a monetary lump sum in

the amount of $48,000; (2) granting wife a reservation of spousal support; (3) awarding wife

attorney's fees; (4) distributing personal property; and (5) admitting into evidence exhibits 28

and 30.  Additionally, both parties request an award of appellate attorney's fees and costs.  For

the following reasons, we affirm in part, reverse in part, remand for further proceedings

consistent with this opinion, and deny the parties' requests for appellate attorney's fees and costs.

_____

       [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

I.  BACKGROUND

On appeal, we view the evidence in the light most favorable to the prevailing party in the trial court and grant to that party the benefit of "all reasonable inferences fairly deducible therefrom." Logan v. Fairfax County Dep't of Human Dev., 13 Va. App. 123, 128, 409 S.E.2d 460, 463 (1991).  So viewed, the evidence showed that on May 21, 2002, the parties were married in Tehran, Iran.  Pursuant to the parties' Iranian marriage certificate, husband agreed to pay 350 gold coins or approximately $60,000 to wife on demand.  Subsequently, the parties moved to McLean, Virginia.  In March 2004, they purchased a home ("marital residence").  On April 7, 2007, the parties had a child.  On June 13, 2007, the parties separated.  After the parties separated, husband obtained a line of credit from SunTrust Bank against the marital residence. SunTrust loan documents executed by husband indicated that the total loan was $112,400, that he paid approximately $4,000 on the principal of the loan, and that he transferred $12,554.65 of the loan to pay off the original mortgage on the marital residence.

On July 13, 2007, husband filed for divorce from wife.  In wife's answer and cross-complaint, she requested spousal support *pendente lite* and permanently.  On April 30, 2008, the trial court entered a consent order granting the parties joint legal custody of their minor child.

On July 20, 2008, the trial court conducted an equitable distribution hearing.  At the hearing, wife requested spousal support.  In response, husband argued against awarding spousal support to wife, claiming the parties were essentially "on equal footing."  To support that contention, husband relied upon consideration of factors such as the parties' age, education, relative current earnings, and potential future income.

During the hearing, husband also explained how he expended the line of credit he obtained against the marital residence.  Specifically, husband testified that he expended $60,000

to pay wife the sum owed to her under the Iranian marriage certificate. He also explained that he expended approximately $10,000 in attorney's fees incurred in the divorce proceeding against wife. He further claimed he spent the remaining portion in the amount of $30,000 for his living expenses. Husband asserted that expending the line of credit on living expenses and attorney's fees did not constitute waste and that he spent a marital asset for a valid marital purpose pursuant to Thomas v. Thomas, 40 Va. App. 639, 645, 580 S.E.2d 503, 506 (2003).[1]

Wife testified that on the day of the parties' separation, husband forced her out of the marital home. She claimed that on that day, husband told her "if [she] was in Iran, he would beat [her]." Wife's sister testified that husband told wife "if [he] was in Iran, [he would] beat [her] until death." Husband contended wife was not credible, he did not force her out of the home, and he did not threaten her. Instead, he testified that on the day of separation, he came home from work to find wife and child were gone and wife took belongings from their home. He claimed that he called the police because he wanted to see the parties' child.

Wife further testified that husband owned an interest in All International, a company located in Singapore that exported and sold instant coffee to Iran. Wife maintained that husband told her he sold $20,000 worth of coffee in March 2007 through the company.

Husband claimed that he and his brother entered into a business venture with the intention of exporting items from Iran to the United States in the event that relations normalized between the two countries and the trade embargoes were lifted. As a result, he opened a Cardinal Bank account, jointly listing his name and Tak Fan Company, L.L.C., to pursue the venture, but he claimed the business venture "never materialized." Husband further explained

---

[1] In Thomas, we stated that " the expenditure of marital funds for items such as voluntary support, living expenses, attorney's fees, and other necessities of life constitutes a valid marital purpose and is not waste." 40 Va. App. at 645, 580 S.E.2d at 506.

that Tak Fan Company, L.L.C. was a company located in Iran that had not conducted business for many years.

At the close of the evidence, wife stated that if she received a $48,000 lump sum award, she would forgo spousal support. Wife also requested a reservation of spousal support in the event the lump sum award was reversed on appeal. Husband did not object.

On August 1, 2008, the trial court entered a final decree of divorce on the grounds of living separate and apart for more than one year. Pursuant to the final decree, the trial court classified a $60,000 payment husband made to wife after separation as her sole and separate property. The trial court explained the amount was similar to a dowry and was wife's "marriage portion" made pursuant to an agreement set forth in the parties' Iranian marriage certificate.

The trial court also awarded various items of personal property to both parties. In addition, the trial court ordered husband to pay a $48,000 lump sum to wife. In making that determination, the trial court found the parties purchased the marital residence during the marriage and classified the property as marital. The trial court further found that after the parties separated, husband obtained a line of credit and borrowed against the property. Classifying the line of credit as marital property and valuing the loan in the amount of $96,000, the trial court concluded that husband expended the amount by paying wife $60,000 owed to her under the Iranian marriage certificate. In addition, husband expended the remaining sum on attorney's fees incurred in the divorce proceedings and then "other expenditures which are unknown."

After making these factual determinations, the trial court applied factor 10 of Code § 20-107.3(E) and stated as follows:

> [O]ne of the factors is "the use or expenditure of marital property,"
> that is a loan against [the marital residence], "by either of the
> parties," that is [by husband], "for a non-marital separate purpose,"
> those expenditures as described by the [trial court] plainly fall into
> that category, would justify the granting of a monetary award.

Thus, the trial court concluded that husband spent the line of credit for separate purposes, ordered him to pay wife one-half of $96,000 ($48,000), and further noted that in exchange for the lump sum, wife "waive[d] any claim to spousal support." The trial court also awarded husband the marital residence.

The trial court granted wife a reservation of spousal support in the event the monetary award was not received or if the award was reversed. In addition, the trial court awarded wife $18,726.26 in attorney's fees.

Husband made a notation on the final decree that the order was "seen and objected to as noted." This appeal by husband followed.

## II. ANALYSIS

### $48,000 LUMP SUM AWARD

Husband contends the trial court erred in awarding wife a monetary lump sum of $48,000. To support that contention, he claims the evidence indicated no money existed at the time of the equitable distribution hearing, there was no money remaining in the estate to satisfy the money judgment, and wife made no motion for an alternate valuation date within the statutory period.[2] We disagree.

"Fashioning an equitable distribution award lies within the sound discretion of the trial judge and that award will not be set aside unless it is plainly wrong or without evidence to support it." Srinivasan v. Srinivasan, 10 Va. App. 728, 732, 396 S.E.2d 675, 678 (1990). Furthermore, we will not reverse an award "[u]nless it appears from the record that the [trial

---

[2] Husband also contends the trial court erred in making the lump sum award without a finding that husband committed waste. Contrary to husband's contention, however, the trial court was not required to make a finding of waste. McIlwain v. McIlwain, 52 Va. App. 644, 654 n.5, 666 S.E.2d 538, 543 n.5 (2008) (noting that in applying Code § 20-107.3(E)(10) to divide marital property, a finding of dissipation or waste of the marital property was not required). Thus, we reject husband's claim that the trial court erred in this regard.

- 5 -

court] . . . has not considered or has misapplied one of the statutory mandates, or that the evidence fails to support the findings of fact underlying [the] resolution of the conflict in the equities." Smoot v. Smoot, 233 Va. 435, 443, 357 S.E.2d 728, 732 (1987). "Also, we 'do[] not retry the facts, reweigh the preponderance of the evidence, or make [our] own determination of the credibility of witnesses.'" Ranney v. Ranney, 45 Va. App. 17, 31, 608 S.E.2d 485, 492 (2005) (quoting Moreno v. Moreno, 24 Va. App. 190, 195, 480 S.E.2d 792, 795 (1997)).

In making an equitable distribution award, the trial court must determine "the legal title as between the parties" and "the ownership and value" of all the parties' property and then classify this property as "marital," "separate," or "part separate and part marital." Code § 20-107.3(A). Upon classifying property as "marital," "the trial court, '[b]ased upon the equities and the rights and interests of each party in the marital property,' is empowered to 'grant a monetary award, payable either in a lump sum or over a period of time in fixed amounts, to either party,' upon decreeing a divorce." Brinkley v. Brinkley, 5 Va. App. 132, 135, 361 S.E.2d 139, 140 (1987) (quoting Code § 20-107.3(D)). "'[T]he amount of the award and the method of payment shall be determined . . . after consideration of' the eleven statutory factors [set forth in Code § 20-107.3(E)]." Id. at 137, 361 S.E.2d at 141(quoting Code § 20-107.3(E)). "[T]he trial court is [not] required 'to quantify or elaborate exactly what weight or consideration it has given to each of the statutory factors.'" Alphin v. Alphin, 15 Va. App. 395, 405, 424 S.E.2d 572, 578 (1992) (quoting Woolley v. Woolley, 3 Va. App. 337, 345, 349 S.E.2d 422, 426 (1986)). "However, when a trial judge fails to articulate sufficiently the consideration he or she has given to the statutory criteria, 'we must examine the record to determine if the award is supported by evidence relevant to those factors.'" Id. (quoting Gibson v. Gibson, 5 Va. App. 426, 435, 364 S.E.2d 518, 523 (1988)).

Here, the trial court made factual determinations that the marital residence was purchased during the marriage and that the property was marital. The trial court further found that after the parties separated, husband acquired a line of credit with a balance of $96,000 against the property and determined the line of credit was marital property. Upon our review of the record, we conclude the evidence supports these factual determinations. Thus, husband's claims that no money existed at the time of the equitable distribution hearing and that no money remained in the estate to satisfy the money judgment are without merit.

We also reject husband's claim that wife was required to make a motion for an alternate valuation date pursuant to Code § 20-107.3(A). Code § 20-107.3(A) provides, in relevant part, as follows:

> The court shall determine the value of [marital] property as of the date of the evidentiary hearing on the evaluation issue. Upon motion of either party made no less then 21 days before the evidentiary hearing the court may, for good cause shown, in order to attain the ends of justice, order that a different valuation date be used.

"We have stressed that the trial judge in evaluating marital property should select a valuation [date] 'that will provide the court with the most current and accurate information available which avoids inequitable results.'" Gaynor v. Hird, 11 Va. App. 588, 593, 400 S.E.2d 788, 790 (1991) (quoting Mitchell v. Mitchell, 4 Va. App. 113, 118, 355 S.E.2d 18, 21 (1987)). Here, the trial court valued, as of the date of the evidentiary hearing, the marital line of credit husband obtained against the marital residence. In doing so, the trial court relied upon the SunTrust Bank loan documents executed by husband showing that the loan amount was $112,400 but that he transferred $12,554.65 to pay off the original mortgage on the marital residence, and later paid approximately $4,000 on the principal of the loan. Under these circumstances, the trial court did not err in valuing the balance of the line of credit in the amount of $96,000. Accordingly, we

- 7 -

conclude that wife was not required to make a motion for an alternate valuation date pursuant to Code § 20-107.3(A).

In addition, we conclude the trial court properly determined that the $60,000 sum was wife's "marriage portion" made pursuant to the parties' Iranian marriage certificate and payable to wife on demand. The trial court noted the marriage portion was similar to a dowry and constituted her sole and separate property. Finding that husband paid the sum to wife after separation, the trial court applied factor 10 of Code § 20-107.3(E) to determine that husband's use of the line of credit to pay wife $60,000 was use for a non-marital purpose. Under these circumstances, we conclude the trial court's determinations were not in error.

We disagree, however, with the trial court's determination that husband's use of the line of credit to pay for his attorney's fees incurred in the divorce proceeding and to pay for other unknown expenditures constituted use for a non-marital separate purpose. "We have held consistently . . . that the expenditure of marital funds for items such as voluntary support, living expenses, attorney's fees, and other necessities of life constitutes a valid marital purpose and is not waste." Thomas, 40 Va. App. at 645, 580 S.E.2d at 506 (citing Anderson v. Anderson, 29 Va. App. 673, 695, 514 S.E.2d 369, 380 (1999) (mortgages, credit cards); Alphin, 15 Va. App. at 402, 424 S.E.2d at 576 (voluntary support, medical bills for wife); Amburn v. Amburn, 13 Va. App. 661, 666, 414 S.E.2d 847, 850 (1992) (personal living expenses, attorney's fees, child's tuition, car loans); Clements v. Clements, 10 Va. App. 580, 588, 397 S.E.2d 257, 262 (1990) (household expenses, child's tuition)).

In this case, the trial court failed to assign values to the amount of attorney's fees and other unknown expenditures as required by Code § 20-107.3(A), and failed to make a factual determination pertaining to what constituted the other unknown expenditures. Thus, we reverse and remand. On remand, the trial court must assign a value to the amount of attorney's fees

husband expended. In addition, the trial court must determine how husband expended the remaining portion of the line of credit that the trial court previously determined was "other expenditures which are unknown," assign a value, determine if that portion was spent for a valid marital purpose, and if necessary, modify the lump sum award to account for this finding. Because the attorney's fees are use for a valid marital purpose, the trial court must subtract the amount expended on attorney's fees from $96,000, and apportion the remaining sum between the parties.

RESERVATION OF SPOUSAL SUPPORT

Husband contends the trial court erred in granting wife a reservation of spousal support pursuant to Code § 20-107.1(D).[3] To support that contention, he claims wife voluntarily decided not to work full-time and that the reason for the reservation was to await this Court's decision regarding equitable distribution. Husband never raised this objection to the trial court. "As a precondition to appellate review, Rule 5A:18 requires a contemporaneous objection in the trial court to preserve the issue on appeal." Thomas v. Commonwealth, 44 Va. App. 741, 750, 607 S.E.2d 738, 742 (citing Riner v. Commonwealth, 268 Va. 296, 325, 601 S.E.2d 555, 571 (2004)), adopted upon reh'g en banc, 45 Va. App. 811, 613 S.E.2d 870 (2005). The main purpose of Rule 5A:18 is to ensure that the trial court and opposing party are given the opportunity to intelligently address, examine, and resolve issues in the trial court, thus avoiding unnecessary appeals and reversals. Lee v. Lee, 12 Va. App. 512, 514, 404 S.E.2d 736, 737 (1991) (en banc).

At the hearing, wife requested spousal support. In response, husband argued against awarding spousal support to wife, claiming the parties were essentially "on equal footing." To support that contention, husband relied upon consideration of factors such as the parties' age,

---

[3] Pursuant to Code § 20-107.1(D), the trial court may "[i]n addition to or in lieu of an award" of spousal support, "reserve the right of a party to receive such support in the future."

education, relative current earnings, and potential future income. Wife agreed to forgo spousal support in exchange for the $48,000 lump sum award. The trial court granted wife the $48,000 lump sum because husband expended the marital line of credit on the marital home. After the trial court made oral findings, wife also sought a reservation of spousal support in the event the $48,000 award was reversed on appeal. The trial court agreed and granted wife the reservation.

At no time during the hearing did husband object to the reservation on the grounds that wife voluntarily decided not to work full-time and that the reason for the reservation was to await this Court's decision regarding equitable distribution. Thus, we conclude that husband failed to object to the reservation of spousal support in the trial court.[4] See West v. West, 53 Va. App. 125, 131, 669 S.E.2d 390, 393 (2008) (finding that Rule 5A:18 barred consideration of father's claim on appeal that the trial court erred in awarding spousal support because the trial court failed to provide written findings required by Code § 20-107.1(F)). We hold, therefore, that husband's contention pertaining to the spousal support reservation is barred from our consideration by Rule 5A:18. Moreover, our review of the record in this case does not reveal any reason to invoke the "good cause" or "ends of justice" exceptions to Rule 5A:18. See M. Morgan Cherry & Assocs. v. Cherry, 38 Va. App. 693, 702, 568 S.E.2d 391, 396 (2002) (en banc).

---

[4] In addition, husband's notation of "seen and objected to as noted" on the final decree did not adequately preserve his objection to the reservation of spousal support. See Helms v. Manspile, 277 Va. 1, 6-7, 671 S.E.2d 127, 129-30 (2009) (indicating that in applying Code § 8.01-384(A) in conjunction with Rule 5:25, an objection stated in an endorsement of a final order preserves an argument for appeal *if at some point during the trial court proceeding, the litigant informs the trial court of his or her legal argument*).

Husband further contends the trial court erred in awarding wife $18,726.26 in attorney's fees because the fees included amounts she expended on the determination of custody, visitation, and child support. We disagree with husband's contention that the trial court erred.

> Whether to award attorney's fees in a divorce matter is left to the sound discretion of the trial court. See, e.g., Lightburn v. Lightburn, 22 Va. App. 612, 621, 472 S.E.2d 281, 285 (1996). [Because each case presents its own unique set of equities, principles of appellate review] steer[] clear of inflexible rules and focus[] instead on "reasonableness under all the circumstances." Kane v. Szymczak, 41 Va. App. 365, 375, 585 S.E.2d 349, 354 (2003) (quoting Joynes v. Payne, 36 Va. App. 401, 429, 551 S.E.2d 10, 24 (2001)). Factors to be considered may include a party's ability to pay a fee, Cirrito v. Cirrito, 44 Va. App. 287, 299-300, 605 S.E.2d 268, 274-75 (2004), the party's degree of fault in bringing about the dissolution of the marriage, Poliquin v. Poliquin, 12 Va. App. 676, 682, 406 S.E.2d 401, 405 (1991), and whether the party unnecessarily increased litigation costs through unjustified conduct calculated to delay resolution of the proceedings, Northcutt v. Northcutt, 39 Va. App. 192, 200-01, 571 S.E.2d 912, 916 (2002).

Rinaldi v. Rinaldi, 53 Va. App. 61, 78, 669 S.E.2d 359, 367 (2008).

Applying these principles to the facts of this case, we conclude the trial court did not abuse its discretion in awarding wife attorney's fees. The trial court's award of $18,726.26 to wife in attorney's fees represented the amount of fees she incurred throughout the divorce proceeding against husband. Wife's attorney submitted an affidavit and detailed itemization of the fees. In addition, evidence at the hearing indicated husband's income totaled approximately $135,000 over four years and that his current monthly income was $3,388. Wife's income totaled approximately $48,000 during the same four years and her current monthly income was $840. Wife also claimed that husband had been forceful with her and also made life-threatening remarks to her after the separation. Furthermore, wife claimed husband maintained an ownership interest in an Iranian coffee company and received income that he did not report as

part of the equitable distribution of the parties.  Husband denied being forceful with wife and denied making any threatening remarks to wife.  At times during the hearing, the trial court questioned the credibility of husband.[5]  It is well settled that "the trier of fact ascertains a witness' credibility, determines the weight to be given to their testimony, and has the discretion to accept or reject any of the witness' testimony."  Anderson, 29 Va. App. at 686, 514 S.E.2d at 376.  Thus, the trial court could reject husband's testimony and accept wife's assertions.  Under these circumstances, we find no abuse of discretion in the trial court's award of $18,726.26 in attorney's fees to wife.

## DISTRIBUTION OF PROPERTY

Husband claims the trial court erred in distributing personal property.  Husband makes no specific argument beyond this vague assertion.  Rule 5A:20(e) requires that an appellant's opening brief include "[t]he principles of law, the argument, and the authorities relating to each question presented."  Husband did not comply with Rule 5A:20(e) because his brief did not contain any principles of law, or citation to legal authorities or the record to fully develop his arguments on this issue.  Unsupported assertions of error "do not merit appellate consideration." Buchanan v. Buchanan, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992).  Furthermore this Court "will not search the record for errors in order to interpret the appellant's contention and correct deficiencies in a brief."  Id.  Nor is it this Court's "function to comb through the record . . . in order to ferret-out for ourselves the validity of [appellant's] claims."  Fitzgerald v. Bass, 6 Va. App. 38, 56 n.7, 366 S.E.2d 615, 625 n.7 (1988) (en banc).  On the other hand, Rule 5A:20(e) is a non-jurisdictional rule, and as such, the rule's invocation "to prevent

---

[5] At one point during closing arguments, the trial court noted that wife's sister testified she heard husband make a life-threatening remark to wife.  In addition, the trial court noted wife's allegations pertaining to husband's ownership of the Iranian coffee company tested the credibility of husband.

consideration of [an appeal's] merits, should not be undertaken without considering whether a party's failure to adhere strictly to the rule's requirements is insignificant, or so substantial as to preclude the court's addressing the merits of the case." Moore v. Commonwealth, 276 Va. 747, 753, 668 S.E.2d 150, 153-54 (2008) (citing Jay v. Commonwealth, 275 Va. 510, 520, 659 S.E.2d 311, 317 (2008)). "[W]hen a party's 'failure to strictly adhere to the requirements of Rule 5A:20(e)' is significant, 'the Court of Appeals may . . . treat a question presented as waived.'" Parks v. Parks, 52 Va. App. 663, 664, 666 S.E.2d 547, 548 (2008) (quoting Jay, 275 Va. at 520, 659 S.E.2d at 317). Because we find husband's failure to comply with Rule 5A:20(e) is significant, we treat husband's question presented that the trial court erred in distributing personal property as waived. Accordingly, we affirm the trial court's judgment in this regard.

## ADMISSION OF EXHIBITS 28 AND 30

Finally, husband contends the trial court erred in admitting exhibits 28 and 30 because he claims the exhibits are inadmissible hearsay.[6] At the hearing, husband objected to wife's exhibits 28 and 30. After the presentation of the evidence, husband renewed his objection and claimed that exhibit 28 was "pro forma," that there was no signature on the item, and that the item was an internet posting. The exhibits apparently indicated husband's connection to an

---

[6] At the equitable distribution hearing, husband objected to exhibits 28 and 30. At one point during cross-examination of husband, exhibit 28 was identified as "a message from [husband] to National Trade and Development Establishment" listing husband's name and a fax number identical to the fax number listed on exhibit 30, a document described as a copy of an internet web page. In husband's opening brief, his question presented states that the trial court erred in admitting exhibits 28 and 29. In the argument section of his opening brief, he refers to exhibits 28 and 30. In husband's reply brief, he claims the trial court erred in admitting exhibits 29 and 31. Exhibit 29 is part of the appendix and constitutes a document entitled "Limited Liability Company Authorization Resolution" with Cardinal Bank by husband for Tak Fan Co., L.L.C., and several Cardinal Bank statements for an account in the name of husband and Tak Fan Co., L.L.C. Exhibit 31 is a printed internet web site page listing husband as a local realtor with Saab Realtors. We conclude that husband's claim on appeal is apparently related to exhibits 28 and 30.

- 13 -

ownership interest in a coffee company business located outside of the United States.  Because the exhibits are not in the appendix and do not appear to be in the record, we need not consider husband's claim that the trial court erred in admitting exhibits 28 and 30.  See, e.g., Patterson v. City of Richmond, 39 Va. App. 706, 717, 576 S.E.2d 759, 764 (2003) ("We are unable to review this claim because the appendix filed in this case does not include the exhibit in question . . . [and therefore, w]e cannot determine the propriety of the admission of the exhibit . . . .").

APPELLATE ATTORNEY'S FEES AND COSTS

Both parties request an award of the attorney's fees and costs they incurred in connection with this appeal.

> The rationale for the appellate court being the proper forum to determine the propriety of an award of attorney's fees for efforts expended on appeal is clear.  The appellate court has the opportunity to view the record in its entirety and determine whether the appeal is frivolous or whether other reasons exist for requiring additional payment.

O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996).  Upon consideration of the record, we conclude "the litigation addressed appropriate and substantial issues and that neither party generated unnecessary delay or expense in pursuit of its interests." Estate of Hackler v. Hackler, 44 Va. App. 51, 75, 602 S.E.2d 426, 438 (2004).  Thus, we deny the parties' requests for an award of appellate attorney's fees and costs.

III.  CONCLUSION

For these reasons, we affirm in part, reverse in part, remand for additional proceedings consistent with this opinion, and deny the parties' requests for appellate attorney's fees and costs.

Affirmed in part,
reversed in part,
and remanded.

- 14 -